McRorie v. Query

---

GRACE TAYLOR McRORIE AND HUSBAND, HOWARD S. McRORIE AND ELIZABETH TAYLOR BURGESS, WIDOW, PLAINTIFFS AND KENNETH B. CRUSE, ADDITIONAL PLAINTIFF v. J. CLAY QUERY AND WIFE, OLLIE M. QUERY, DEFENDANTS AND HARRY A. MARTIN AND WIFE, ALTON ERWIN MARTIN, ADDITIONAL DEFENDANTS

No. 7419SC750

(Filed 20 November 1974)

Estates § 3; Wills § 34— devise of land for lifetime of beneficiaries — action remanded

Action for the establishment of plaintiffs' title in and to a certain tract of land devised by their grandfather to their grandmother and their mother "for their lifetime" is remanded for a hearing on its merits.

APPEAL by plaintiffs and additional plaintiff from *Exum, Judge,* 4 March 1974 Civil Session of CABARRUS Superior Court. Heard in the Court of Appeals 17 October 1974.

This action was instituted 10 June 1968, for the establishment of plaintiffs' title in and to a certain parcel or tract of land lying in Cabarrus County, North Carolina, and for possession thereof and for other incidental rights in connection therewith. Thereafter, a motion was entered to reopen a special proceeding which involved the same tract or parcel of land. This special proceeding was entitled, Charles A. Fisher, Executor of George M. Misenheimer, deceased, and J. Clay Query and wife, Ollie M. Query, Movants v. Charles W. Misenheimer, et al, Respondents, and the present plaintiffs as intervenors. The special proceeding was heard in the superior court at the same time as this case, and likewise both matters were appealed to this Court and heard at the same time.

*Cole & Chesson by James L. Cole for plaintiff appellants.*

*Hartsell, Hartsell & Mills, P.A., by William L. Mills, Jr.; Williams, Willeford, Boger & Grady by John Hugh Williams for defendant appellees.*

CAMPBELL, Judge.

In this action Judge Exum found, "that the decision in said special proceeding is determinative of the rights of all parties in this cause and therefore renders this action moot, and that summary judgment ought to be allowed in favor of the defendants and the additional defendants." Judge Exum thereupon dismissed this action.

In the special proceeding this Court, in Case No. 7419SC751, filed simultaneously with this opinion, reversed Judge Exum and by said holding no longer made this case moot.

Since this case has not been heard on its merits in the superior court, this case is remanded to the superior court for trial, and the judgment of Judge Exum dismissing this action is reversed.

Reversed and remanded.

Judges BRITT and VAUGHN concur.